UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CERVANTES VALENZUELA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>V. TORRES, ET AL.,<br><br>　　　　　　Defendants. | Case No. CV 19-7559-CJC (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Plaintiff Raul Cervantes Valenzuela ("Plaintiff" or "Cervantes"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Americans with Disabilities Act ("ADA"). As discussed below, the Court dismisses the Complaint with leave to amend.

**II.**

**ALLEGATIONS IN THE COMPLAINT**

On August 29, 2019, Cervantes, currently an inmate at California State Prison – Los Angeles County in Lancaster, California ("CSP-LAC"), constructively filed[1] a

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation

complaint ("Complaint") pursuant to Section 1983 and the ADA against defendants V. Torres, D. Moisa, and Sgt. Villalobos ("Defendants"). ECF Docket No. ("Dkt.") 1, Compl.[2] Cervantes does not state whether he sues Defendants in their individual or official capacity. The Complaint appears to allege "false charges, retaliation, assault and battery, [and] failure to prevent assault and battery (ADA)" claims. Id. at 7.

According to the Complaint, on April 13, 2019, Cervantes asked defendant Torres, a correctional officer at CSP-LAC, to let him out of his cell so he could obtain his seizure medications. Id. at 16. Defendant Torres responded that she was "getting tire[d] of [Cervantes] having seizures everyday," and then falsely accused Cervantes of threating to kill her. Id. Defendant Torres then authored a Rules Violation Report charging Cervantes with threatening to kill a public official alleging Cervantes stated, "Torres you fucking bitch, I'm gonna kill you." Id. at 8-9, 16. Cervantes also alleges defendant Torres "instigated [defendant] Moisa to assault [and] batter" Cervantes. Id. at 5.

On April 15, 2019, while walking to the dining hall, Cervantes alleges he was approached by defendant Moisa, who asked Cervantes "now who is the bitch" and proceeded to twist Cervantes's right hand, handcuff him, and throw Cervantes against the cafeteria wall, "knocking [Cervantes's] seizure helmet off [his] head." Id. at 16. Defendant Moisa then threw Cervantes against a door in the gym and into the back of a holding cage in the gym, causing cuts and bleeding on Cervantes' chin and forehead. Id. Cervantes claims defendant Moisa has been "assaultive" to prisoners with mental and physical disabilities in the past and has been reported to the warden "twice by class action attorneys." Id. at 6, 18. Cervantes further alleges defendant Villalobos

---

omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). While Plaintiff did not date the Complaint, see Compl. at 4, 17, it is marked as received by the Court on August 29, 2019. In the absence of a date indicating when Plaintiff gave prison authorities the Complaint, the Court deems the Complaint filed on August 29, 2019.

[2] The Court refers to the pages of the Complaint as if the Complaint were consecutively paginated.

witnessed the assault but "did nothing at to prevent" it despite knowing "[Cervantes] could have a seizure." Id. at 16. Cervantes claims defendant Villalobos was making "funny comments" during the incident. Id. at 18. Cervantes was taken to a hospital to be treated for cuts and seizures that resulted from being hit in the head. Id. at 17, 19. Cervantes alleges the assault "was committed [in] retaliation for filing a civil case against an officer Burciaga", id. at 19, referring to a prior case Cervantes filed in the Eastern District of California on October 13, 2015. Id. at 15; see Cervantes v. Williamson, et al., Case No. 2:15-cv-02138-KJM-DB, affirmed sub nom. Cervantes v. Burciaga, 773 F. App'x 978, 979 (9th Cir. 2019). On April 16, 2019, Cervantes was placed in administrative segregation ("ad-seg") as a result of the Rules Violation Report issued by defendant Torres and reviewed by defendant Villalobos. Id. at 17.

Cervantes does not state a request for specific relief. See id. at 4.

## III.

## **STANDARD OF REVIEW**

Where a plaintiff is incarcerated and/or proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a

cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot

be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

**A. THE COMPLAINT FAILS TO SPECIFY THE CAPACITY IN WHICH EACH DEFENDANT IS SUED OR SET FORTH THE REQUESTED RELIEF**

**1. Applicable Law**

Pursuant to Federal Rules of Civil Procedure 9(a) a pleading must allege a party's capacity to be sued "when required to show that the court has jurisdiction." Fed. R. Civ. P. 9(a). Additionally, pursuant to Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain "a demand for relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Accordingly, a court may dismiss the complaint if it violates Rule 8. Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013).

**2. Analysis**

Here, the Court cannot determine from the Complaint whether Cervantes is attempting to sue defendants Torres, Moisa, and Villalobos in their individual capacity, official capacity, or both. While, the Court has a duty to liberally construe a pro se complaint, Woods, 525 F.3d at 889-90, the Complaint does not specify whether Cervantes seeks injunctive or monetary relief. Thus, the Court cannot, for example, construe a request for monetary damages as an indication Cervantes is suing defendants in their individual capacity. See Cmty. House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 966 (9th Cir. 2010) (monetary damages are not available from individual defendants when they are sued in their official capacity, holding "qualified immunity covers only defendants in their individual capacities").

Moreover, the Complaint does not include "a demand for relief sought" as required by Federal Rule of Civil Procedure 8(a)(3) as Cervantes does not specify

whether he seeks monetary, injunctive, or other relief. See Compl. at 4. Accordingly, the Complaint is subject to dismissal for failure to comply with Rule 8. See Knapp, 738 F.3d at 1109.

If Cervantes chooses to file a first amended complaint, he must clarify whether he is suing each defendant in his or her individual capacity, official capacity, or both, and provide a description of the relief he seeks.

**B. PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT DUE PROCESS CLAIM AGAINST CLAIM AGAINST DEFENDANT TORRES**

**1. Applicable Law**

The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of "life, liberty, or property." U.S. Const. amend. XIV, § 1. "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005) (citations omitted). Due process analysis "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011).

Courts have held prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," but they do have "the right not to be deprived of a protected liberty interest without due process of law." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); see also Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (finding inmate's claims based upon falsity of charges brought by a prison counselor did not state a constitutional claim). In order to establish the deprivation of a protected liberty interest, a prisoner must allege an "atypical, significant deprivation

6

in which a State might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472, 486, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). In order to establish the denial of procedural protections afforded by due process, a prisoner must allege denial of the requirements set forth in Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), which include written notice, the right to call witnesses, the right to present documentary evidence, and the right to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. See Serrano v. Francis, 345 F.3d 1071, 1077-78 (9th Cir. 2003).

**2. Analysis**

Here, Cervantes appears to allege a Fourteenth Amendment due process claim against defendant Torres for making "false charges," Compl. at 7, and committing "perjury", id. at 18, in authoring a Rules Violation Report stating Cervantes threatened to kill a public official. Id. at 7, 10. However, Cervantes has no due process right to be free from false accusations. See Freeman, 808 F.2d at 951; see also Sprouse, 870 F.2d at 452. Additionally, while Cervantes alleges he was placed in ad-seg, such placement fails to constitute an "atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin, 515 U.S. at 486 (holding "segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"). Finally, Cervantes has not alleged he was denied the procedural protections set forth in Wolff.

Accordingly, Cervantes' Fourteenth Amendment due process claim against defendant Torres is subject to dismissal.

**C. PLAINTIFF FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANTS MOISA AND VILLALOBOS**

**1. Applicable Law**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a Section 1983 claim. See Pratt v.

1 Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) the prisoner engaged in protected conduct; (2) an assertion that a state actor took some adverse action against an inmate; (3) the adverse action was "because of" the prisoner's protected conduct; (4) the adverse action chilled the inmate's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). "Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." Watison, 668 F.3d at 1114; Pratt, 65 F.3d at 808 ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.").

**2. Analysis**

Here, Cervantes appears to allege a First Amendment retaliation claim against defendants Moisa and Villalobos, claiming "this act [the assault] was committed [in] retaliation for filing a civil case against an officer Burciaga." Compl. at 19. However, Cervantes has not plausibly alleged that the assault by defendant Moisa or failure to protect by defendant Villalobos occurred "because of" Cervantes's filing of a lawsuit over three years ago against a different correctional officer. Rhodes, 408 F.3d at 562, 567-68. Cervantes fails to allege defendants Moisa or Villalobos were even aware of this prior lawsuit. See Quiroz v. Short, 85 F. Supp. 3d 1092, 1100 (N.D. Cal. 2015) (holding that mere speculation defendants acted out of retaliation without any other circumstantial evidence is not sufficient to show retaliatory motive).

In fact, Cervantes's own allegations seem to suggest defendant Moisa assaulted Cervantes because of the alleged threat Cervantes made to defendant Torres. Cervantes alleges defendant Torres "instigated [defendant] Moisa to assault [and] batter" Cervantes. Compl. at 5. Cervantes's other allegations, including the fact that he was approached by defendant Moisa only two days after the incident with defendant Torres, and that defendant Moisa asked Cervantes "now who is the bitch"

8

(presumably in response to the alleged "you're a bitch" statement defendant Torres alleged Cervantes made), suggest defendants Moisa and Villalobos were motivated by the alleged incident with defendant Torres, not a prior lawsuit. Thus, Cervantes has not plausibly alleged that either defendant Moisa or Villalobos retaliated against him for filing a prior lawsuit against a different correctional officer.

Accordingly, Cervantes's First Amendment retaliation claim against defendants Moisa and Villalobos is subject to dismissal.

**D.     PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER THE ADA**

  **1.     Applicable Law**

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. prohibits discrimination on the basis of disability in the programs, services or activities of a public entity. However, Title II of the ADA only affords causes of action against public entities, 29 U.S.C. §§ 794, 794a; 42 U.S.C. § 12132; Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187 (9th Cir. 2003), and does not encompass public officials sued in their individual capacities. Hayes v. Voong, 709 F. App'x 494, 495 (9th Cir. 2018)[3]; Roberts v. California Dep't of Corr. & Rehab., No. EDCV 16-1929 CJC (JC), 2017 WL 3635175, at *9 (C.D. Cal. Aug. 22, 2017).

To state a claim for violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his disability. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002), cert. denied, 537 U.S. 1105 (2003).

///
///

---

[3] The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

**2. Analysis**

As an initial matter, as discussed above, Cervantes does not specify whether he is suing each defendant in his or her individual or official capacity. However, to the extent Cervantes asserts an ADA claim against any defendant in their individual capacity, this claim fails because Title II of the ADA does "not authorize claims against State officials in their individual capacities." Hayes, 709 F. App'x at 495; Roberts, 2017 WL 3635175, at *9.

Moreover, to the extent Cervantes asserts an ADA claim against any defendant in their official capacity, this claim also fails. Cervantes does not clearly set forth any facts giving rise to his ADA claim or specify which defendant(s) have violated his rights under the ADA. Cervantes merely alludes to the ADA, see Compl. at 25, and his seizure disorder, and alleges "false charges, retaliation, assault and battery, [and] failure to prevent assault and battery (ADA)" claims. Id. at 7. Cervantes, therefore, fails to allege sufficient facts from which to infer he was denied the benefits of services, programs, or activities, or was otherwise discriminated against by the public entity solely by reason of his disability. See, e.g., Hewitt v. Luis, No. 3:11-CV-00598-RCJ, 2013 WL 4702266, at *9 (D. Nev. July 2, 2013), report and recommendation adopted, No. 3:11-CV-00598-RCJ, 2013 WL 4710392 (D. Nev. Aug. 30, 2013) (finding confiscating plaintiff's cane for nine days could not support an ADA discrimination claim because plaintiff's claim sounded in medical negligence rather than discriminatory denial of services, programs, or activities).

Accordingly, Cervantes' ADA claim is subject to dismissal.

## V.

## **LEAVE TO FILE FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are

insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff**

**leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: October 18, 2019

HONORABLE KENLY KIYA KATO
United States Magistrate Judge

12