UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CERVANTES VALENZUELA,<br><br>Plaintiff,<br><br>v.<br><br>V. TORRES, ET AL.,<br><br>Defendants. | Case No. CV 19-7559-CJC (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Plaintiff Raul Cervantes Valenzuela ("Plaintiff" or "Cervantes"), proceeding pro se and in forma pauperis, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Americans with Disabilities Act ("ADA"). As discussed below, the Court dismisses the FAC with leave to amend.

**II.**

**BACKGROUND**

On August 29, 2019, Cervantes, currently an inmate at California State Prison – Los Angeles County in Lancaster, California ("CSP-LAC"), constructively filed[1] a

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation

complaint ("Complaint") pursuant to Section 1983 and the ADA against defendants V. Torres, D. Moisa, and Sgt. Villalobos alleging "false charges, retaliation, assault and battery, [and] failure to prevent assault and battery (ADA)" claims arising out of an incident on April 13, 2019. ECF Docket No. ("Dkt.") 1, Compl.

On October 18, 2019, the Court dismissed the Complaint with leave to amend, finding it (a) failed to specify the capacity in which each defendant was sued and the requested relief; (b) failed to state a Fourteenth Amendment due process claim against defendant Torres for "false charges"; (c) failed to state a First Amendment retaliation claim against defendants Moisa and Villalobos; and (d) failed to state a claim under the ADA. Dkt. 17.

On October 24, 2019, Cervantes constructively filed the instant FAC.[2] Dkt. 18, FAC. Cervantes sues V. Torres, D. Moisa, and Sgt. Villalobos ("Defendants") in their individual capacity. The allegations in the FAC appear to allege First and Eighth Amendment claims arising out of incidents on October 21, 2019 and an unspecified date.[3]

According to the FAC, on October 21, 2019, after Cervantes refused to "withdraw [a] statement" regarding a prison account dispute, Cervantes was pepper

---

omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). While Cervantes did not date the Complaint, see Compl. at 4, 17, it is marked as received by the Court on August 29, 2019. In the absence of a date indicating when Cervantes gave prison authorities the Complaint, the Court deems the Complaint filed on August 29, 2019.

[2] The Court notes Cervantes has filed multiple letters with the Court, dkts. 15, 16, 19, 20, including a letter dated October 21, 2019, dkt. 21, which seeks to "supplement" the FAC and describes an incident on October 21, 2019. Cervantes has been previously advised that letters will be rejected pursuant to Local Rule 83-2.5. Thus, as set forth in further detail below, if he chooses to proceed, Cervantes must bring all claims in a single document captioned "Second Amended Complaint," and any allegations or facts presented in letters will not be considered.

[3] The Court notes Cervantes was previously ordered "not [to] include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint." Dkt. 17 at 11. Cervantes is expressly cautioned that if he chooses to file a Second Amended Complaint, he may not change the nature of this suit by adding new, unrelated claims and any attempt to do so will result in an order striking the Second Amended Complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

sprayed by officer Magdala.[4] FAC at 3. Cervantes alleges defendant Torres then hit Cervantes on his ribs and head. Id. Cervantes alleges officer Gray destroyed "all personal property (ADA)" and officer Makarade was throwing Cervantes's pictures and other personal property around as defendant Villalobos observed. Id. at 7-8. Cervantes alleges he was placed in administrative segregation and charged with assault on a peace officer. Id. Cervantes alleges defendant Villalobos "owes Plaintiff the right to be protected from assault from any employee" and to protect him from being harmed. Id. at 5.

The FAC also alleges on an unspecified date,[5] defendant Moisa assaulted Cervantes when he ordered Cervantes to tuck in his shirt. Id. at 4. Cervantes alleges that instead of writing Cervantes an RVR "for disobeying an order … [defendant Moisa had] something else in mind evil intent first Amendment … he stood in front of me and say now who is the bitch I … said I don't know what you talking about and when he started assaulting me I did not resist." Id. at 4.

Cervantes appears to claim the assaults and destroying of his property were in retaliation for Cervantes having filed a prior lawsuit, stating: "Sgt. Villalobos, D. Moisa. V. Torres knew about my lawsuit because Attorney General Xavier Becerra is the attorney for the State of California who attorney are for defendants of (CDCR) on lawsuits." Id. at 5.

Cervantes seeks compensatory damages.[6] Id. at 4.

---

[4] It is unclear whether officer "Magdala" is officer "Makarade" as referred to elsewhere in the FAC. See, e.g., FAC at 7.

[5] It is unclear whether this is the same incident as the April 13, 2019 incident described in the Complaint. However, Cervantes was cautioned that "[a]n amended complaint supersedes the preceding complaint" and that "any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint." See dkt. 17 at 11. If Cervantes intends to bring claims arising out of the April 13, 2019 incident in his Second Amended Complaint, he must re-state them in full.

[6] Cervantes also seeks to "decrease from appointed magistrate (KK) and … a [de] novo review by District Judge." FAC at 8. However, magistrate judges have the authority to issue non-dispositive orders, including orders dismissing complaints with leave to amend. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

# III.

## **STANDARD OF REVIEW**

Where a plaintiff is incarcerated and/or proceeding <u>in forma pauperis</u>, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; <u>see</u> <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Watison v. Carter</u>, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." <u>Zamani v. Carnes</u>, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. <u>Hamilton v. Brown</u>, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>In re</u> <u>Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Cook v.</u> <u>Brewer</u>, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> The complaint "must contain sufficient allegations of

1  underlying facts to give fair notice and to enable the opposing party to defend itself
2  effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

**IV.**

**DISCUSSION**

**A.  PLAINTIFF FAILS TO STATE AN EIGHTH AMENDMENT CLAIM AGAINST DEFENDANT VILLALOBOS**

**1.  Applicable Law**

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene" in another official's use of excessive force. Robins v. Meecham, 60 F.3d 1436, 1441 (9th Cir. 1995) (denying

defendants' motion for summary judgment where prison officials failed to intervene when another official fired a shotgun at inmates) (citing <u>Del Raine v. Williford</u>, 32 F.3d 1024, 1038 (7th Cir. 1994) ("A failure of prison officials to act in such circumstances suggests that the officials actually wanted the prisoner to suffer the harm.")); <u>Buckner v. Hollins</u>, 983 F.2d 119, 123 (8th Cir. 1993) ("Veltrop's failure to intervene in order to stop Buckner's beating . . . would provide an ample basis for a jury to conclude that Veltrop . . . violated Buckner's Eighth Amendment rights.")).

Vicarious liability, however, does not apply to Section 1983 actions, rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Iqbal</u>, 556 U.S. at 676. Hence, a defendant may be held liable as a supervisor only "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." <u>Starr</u>, 652 F.3d at 1207 (internal quotation marks and citations omitted).

**2.     Analysis**

Here, Cervantes appears to allege an Eighth Amendment claim against defendant Villalobos, claiming defendant Villalobos "owes Plaintiff the right to be protected from assault from any employee." FAC at 5. Cervantes, however, fails to allege any facts demonstrating defendant Villalobos failed to intervene in any of the alleged assaultive incidents involving defendants Torres or Moisa. While Cervantes states defendant Villalobos was "standing next to c/o D. Moisa outside in the main northside [chow] hall," <u>id.</u> at 2, it is unclear whether this was on the same or a different date as the alleged assault by defendant Moisa. Additionally, Cervantes's description of the incident with defendant Moisa, <u>id.</u> at 4, does not mention defendant Villalobos or a chow hall. <u>Id.</u> Thus, without facts to allege defendant Villalobos witnessed, but failed to intervene in the alleged assault, this claim fails.

Similarly, Cervantes has not alleged facts demonstrating Villalobos knew of or witnessed the incident with defendant Torres. Cervantes alleges that "c/o Makarade

was throwing family pictures other personal property on front of Sgt. Villalobos and it was permitted." Id. at 8. However, Cervantes does not allege defendant Villalobos witnessed defendant Torres hitting Cervantes on the ribs and head. See id. at 3. Thus, without facts to allege defendant Villalobos witnessed, but failed to intervene in the alleged assault, this claim fails.

Moreover, to the extent Cervantes alleges defendant Villalobos is responsible for the actions of defendants Moisa and Torres under a supervisory liability theory, this claim also fails. Cervantes alleges "Villalobos knew exactly prison officials and supervisory official can be held liable if they observe or witness or are notif[ied] [of] the use of force by staff… and they don't do nothing about it." Id. at 5. Cervantes, however, fails to allege facts to infer any personal involvement by defendant Villalobos, or a causal connection between defendant Villalobos's conduct and the alleged assaults. See Starr, 652 F.3d at 1207. Thus, Cervantes's conclusory allegations against defendant Villalobos are insufficient to establish individual liability under Section 1983. See Hydrick, 669 F.3d at 942.

Accordingly, Cervantes's Eighth Amendment claims against defendant Villalobos are subject to dismissal.

**B.  PLAINTIFF FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANTS**

    **1.  Applicable Law**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a Section 1983 claim. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) the prisoner engaged in protected conduct; (2) an assertion that a state actor took some adverse action against an inmate; (3) the adverse action was "because of" the prisoner's protected conduct; (4) the adverse action chilled the inmate's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v.

7

Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  "Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." Watison, 668 F.3d at 1114; Pratt, 65 F.3d at 808 ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.").

### 2. Analysis

Here, Cervantes appears to allege a First Amendment retaliation claim against defendants Torres, Moisa, and Villalobos, stating they "knew" of Cervantes's lawsuit. FAC at 5.  Cervantes, however, fails to provide any facts to support this conclusory allegation.  Moreover, Cervantes has not plausibly alleged that the alleged assaults by defendants Torres and Moisa occurred "because of" Cervantes's filing of a lawsuit, the subject or parties of which are not described.  Rhodes, 408 F.3d at 562, 567-68. Cervantes provides no facts to demonstrate a connection between a lawsuit and the separate instances of assault he alleges.  Thus, Cervantes has not plausibly alleged that any Defendant retaliated against him for filing a prior lawsuit.

Accordingly, Cervantes's First Amendment retaliation claim against Defendants is subject to dismissal.

## V.

## **LEAVE TO FILE SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Plaintiff is advised that the Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his Second Amended Complaint that has been

8

found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. **<u>The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.</u>**

If Plaintiff chooses to file a Second Amended Complaint, he must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the FAC. In addition, the Second Amended Complaint must be complete without reference to the Complaint, FAC, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. <u>Id.</u> **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint.** <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint

that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

    2.    Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: December 05, 2019

*[signature]*

HONORABLE KENLY KIYA KATO
United States Magistrate Judge