UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CERVANTES VALENZUELA,<br><br>    Plaintiff,<br><br>    v.<br><br>V. TORRES, ET AL.,<br><br>    Defendants. | Case No. CV 19-7559-CJC (KK)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.
## **INTRODUCTION**

Plaintiff Raul Cervantes Valenzuela ("Plaintiff" or "Cervantes"), proceeding pro se and in forma pauperis, filed a Second Amended Complaint ("SAC") pursuant to 42 U.S.C. § 1983 ("Section 1983"). As discussed below, the Court dismisses the SAC with leave to amend.

## II.
## **BACKGROUND**

On August 29, 2019, Cervantes, currently an inmate at California State Prison – Sacramento ("CSP-SAC"), constructively filed[1] a complaint ("Complaint") pursuant

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation

to Section 1983 and the Americans with Disabilities Act ("ADA") against defendants V. Torres, D. Moisa, and Sgt. Villalobos ("Defendants"). ECF Docket No. ("Dkt.") 1, Compl. The Complaint alleged "false charges, retaliation, assault and battery, [and] failure to prevent assault and battery (ADA)" claims arising out of an incident on April 13, 2019 while Cervantes was an inmate at California State Prison – Los Angeles County in Lancaster, California ("CSP-LAC"). Id.

On October 18, 2019, the Court dismissed the Complaint with leave to amend, finding it (a) failed to specify the capacity in which each defendant was sued and the requested relief; (b) failed to state a Fourteenth Amendment due process claim against defendant Torres for "false charges"; (c) failed to state a First Amendment retaliation claim against defendants Moisa and Villalobos; and (d) failed to state a claim under the ADA. Dkt. 17, ODLA Compl.

On October 24, 2019, Cervantes constructively filed a First Amended Complaint ("FAC") against Defendants in their individual capacity. Dkt. 18, FAC. The FAC appeared to allege First and Eighth Amendment claims arising out of incidents on October 21, 2019 and an unspecified date. Dkt. 18, FAC.

On December 5, 2019, the Court dismissed the FAC with leave to amend, finding it (a) failed to state an Eighth Amendment claim against defendant Villalobos; and (b) failed to state a First Amendment retaliation claim against any defendant. Dkt. 26, ODLA FAC.

On January 22, 2020, Cervantes constructively filed the instant SAC against Defendants in their individual capacity. Dkt. 37, SAC. The SAC appears to allege an Eighth Amendment deliberate indifference claim against defendant Torres, an Eighth Amendment excessive force claim against defendant Moisa, and a failure to protect

---

omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). While Cervantes did not date the Complaint, see Compl. at 4, 17, it is marked as received by the Court on August 29, 2019. In the absence of a date indicating when Cervantes gave prison authorities the Complaint, the Court deems the Complaint filed on August 29, 2019 for purposes of this Order.

claim against defendant Villalobos. Id. Specifically, the SAC sets forth the following allegations:

On April 13, 2019, Cervantes was calling for assistance from defendant Torres because he "was to have a seizure." Id. at 4. Defendant Torres "knew [Cervantes'] immediate medical care" and "the failure to summon medical care deliberate indifference caus[ed] Cervantes to fall on top of his walker cutting [his] face and forehead." Id.

On April 15, 2019, defendant Moisa grabbed Cervantes' "right hand twisted and cuff[ed] [him] up and knocked down [his] epilepsy helmet off [his] head and thr[e]w [him] against a wall three times" despite the fact that Cervantes was not "breaking any institutional rules or attacking or being violent in any manner." Id. Cervantes sustained cuts from hitting the wall which required stitches, and defendant Moisa "provok[ed] an epileptic attack" and caused him to spend a day and a night at "Pamedale Regional Hospital." Id. at 5.

Last, Cervantes states defendant Villalobos is liable "for not preventing the attack when he was supervisor when it was obvious and foreseeability the c/o Moisa was attacking [Cervantes] without a reason . . . ." Id.

Cervantes seeks compensatory and punitive damages. Id.

### III.
### STANDARD OF REVIEW

Where a plaintiff is incarcerated and/or proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

3

Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

**A. CERVANTES FAILS TO STATE AN EIGHTH AMENDMENT CLAIM AGAINST DEFENDANT VILLALOBOS**

**1. Applicable Law**

The Eighth Amendment right to be free from cruel and unusual punishment prohibits prison officials from using excessive force against prisoners. Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene" in another official's use of excessive force. Robins v. Meecham, 60 F.3d 1436, 1441 (9th Cir. 1995) (denying defendants' motion for summary judgment where prison officials failed to intervene when another official fired a shotgun at inmates) (citing Del Raine v. Williford, 32 F.3d 1024, 1038 (7th Cir. 1994) ("A failure of prison officials to act in such circumstances suggests that the officials actually wanted the prisoner to suffer the harm.") (additional citations omitted)).

Vicarious liability, however, does not apply to Section 1983 actions, rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Hence, a defendant may be held liable as a supervisor only "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal

connection between the supervisor's wrongful conduct and the constitutional violation." Starr, 652 F.3d at 1207 (internal quotation marks and citations omitted).

**2. Analysis**

Here, Cervantes appears to allege an Eighth Amendment claim against defendant Villalobos, claiming Villalobos is liable "for not preventing the attack when he was supervisor when it was obvious and foreseeability the c/o Moisa was attacking [Cervantes] without a reason . . . ." SAC at 5. These alleged facts fail to state a claim.

First, to the extent Cervantes is alleging defendant Villalobos failed to intervene during defendant Moisa's use of force, Cervantes fails to allege any facts demonstrating defendant Villalobos was even present during the attack. Despite Cervantes' conclusory allegation that it was "obvious" and foreseeable that Moisa attacked Cervantes, Cervantes fails to allege facts demonstrating defendant Villalobos witnessed, could have prevented, and failed to intervene in the alleged assault. Robins, 60 F.3d at 1441

Second, to the extent Cervantes alleges defendant Villalobos is responsible for the actions of defendant Moisa under a supervisory liability theory, this claim also fails. Cervantes fails to allege facts to infer any personal involvement by defendant Villalobos, or a causal connection between defendant Villalobos's conduct and the alleged assault by defendant Moisa. See Starr, 652 F.3d at 1207. Cervantes' conclusory allegations against defendant Villalobos are, thus, insufficient to establish individual liability under Section 1983.

Accordingly, Cervantes' Eighth Amendment failure to protect claim against defendant Villalobos is subject to dismissal.

///
///
///
///
///

**B. CERVANTES FAILS TO STATE AN EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANT TORRES**

**1. Applicable Law**

Prison officials or private physicians under contract to treat inmates "violate the Eighth Amendment if they are 'deliberately indifferent to a prisoner's serious medical needs.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (alterations omitted)); see also Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); West v. Atkins, 487 U.S. 42, 54, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). To assert a deliberate indifference claim, a prisoner plaintiff must allege the defendant (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

"A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." Peralta, 744 F.3d at 1081 (citations and internal quotation marks omitted). "A prison official is deliberately indifferent to [a serious medical] need if he knows of and disregards an excessive risk to inmate health." Id. at 1082 (citation and internal quotation marks omitted). This "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citations and internal quotation marks omitted). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

"Deliberate indifference may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citation and internal quotation marks omitted). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or differences in medical

7

judgment or opinion do not rise to the level of a constitutional violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted) cert. denied, 519 U.S. 1029, 117 S. Ct. 584, 136 L. Ed. 2d 514 (1996).

**2.     Analysis**

Here, the SAC fails to state an Eighth Amendment deliberate indifference claim against defendant Torres.

Cervantes alleges he was "to have a seizure" and was calling for defendant Torres. SAC at 4. Cervantes does not state whether he did, in fact, have a seizure or what other symptoms he was experiencing. Even assuming Cervantes had a serious medical need, however, Cervantes fails to allege defendant Torres intentionally acted with a culpable state of mind. Although Cervantes alleges defendant Torres "knew [Cervantes'] immediate medical care," there are no allegations indicating how she would be aware of a serious medical need from Cervantes simply "calling for" her. Farmer, 511 U.S. at 837. Thus, Cervantes fails to allege facts demonstrating defendant Torres knew of but disregarded an excessive risk to Cervantes' health. Peralta, 744 F.3d at 1081

Accordingly, Cervantes' Eighth Amendment deliberate indifference claim against defendant Torres is subject to dismissal.

**V.**

**LEAVE TO FILE THIRD AMENDED COMPLAINT**

For the foregoing reasons, the SAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the SAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action.

8

However, if Plaintiff asserts a claim in his Third Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Additionally, Plaintiff has been ordered "not [to] include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint." Dkt. 17 at 11; Dkt. 26 at 9. Plaintiff is expressly cautioned that if he chooses to file a Third Amended Complaint, he may not change the nature of this suit by adding new, unrelated claims and any attempt to do so will result in an order striking the Third Amended Complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1. Plaintiff may file a Third Amended Complaint to attempt to cure the deficiencies discussed above. <u>The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Third Amended Complaint, which the Court encourages Plaintiff to use.</u>

If Plaintiff chooses to file a Third Amended Complaint, he must clearly designate on the face of the document that it is the "Third Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the SAC. In addition, the Third Amended Complaint must be complete without reference to the Complaint, FAC, SAC, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Third Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Third Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Third Amended Complaint with claims on which relief cannot be granted, the Third Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may file a notice with the Court that he intends to stand on the allegations in his SAC. If Plaintiff chooses to stand on the SAC despite the deficiencies in the claims identified above, then the Court will submit a recommendation to the assigned district judge **that the deficient claims discussed in this Order be dismissed with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges. If the assigned district judge accepts the findings and recommendations of the undersigned Magistrate Judge and dismisses the deficient claims discussed in this Order, the Court will issue a separate order regarding service of any claims remaining in the SAC at that time.

3. Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of Court is directed to

mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed without prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: March 13, 2020

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge